# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SANCHEZ, an individual, <br><br> Plaintiff, <br><br> v. <br><br> SHELL OIL CO., a California corporation doing business as SHELL; and DOES 1-10, inclusive, <br><br> Defendant. | Case No.: 3:20-cv-01647-BEN-LL <br><br> **ORDER ON PLAINTIFF'S FIRST AMENDMENT TO COMPLAINT CORRECTING DEFENDANT SHELL NAME AND ENTITY STATUS AND NAMING DOE 1** <br><br> **[ECF No. 4]** |

## I. INTRODUCTION

Plaintiff Maria Sanchez, an individual ("Plaintiff") brings this action against Defendant Shell Oil Co., a California corporation doing business as Shell ("Defendant") for violations of (1) the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* ("ADA"), and (2) Unruh Civil Rights Act, Civ. Code, § 51, *et seq.* ("UCRA"). ECF No. 1.

Before the Court is Plaintiff's First Amendment to Complaint Correcting Defendant Shell Name and Entity Status and Naming Doe 1. ECF No. 4. After considering the papers submitted, supporting documentation, and applicable law, the Court **GRANTS IN PART** Plaintiff's request.

/ / /

/ / /

## II. BACKGROUND

### A. Statement of Facts

Plaintiff alleges that she is disabled and relies upon mobility devices in order to ambulate. ECF No. 1 at 3,[1] ¶ 8. She further alleges that in August 2020, she went to visit Defendant's gasoline service station located at 6125 Balboa Avenue, San Diego, California 92111. *Id.* at 4, ¶ 21. Plaintiff alleges Defendant's gas station is a place of public accommodation. *Id.* at 5, ¶ 22. She contends that during her visit, she encountered difficulties and violations of the requirements of the ADA Accessibility Guidelines in the form of (1) curb ramps and hazardous vehicle ways that did not have a detectable warning surface (i.e., truncated domes) from the sidewalk to the parking lot; (2) an entrance to the facility that was not 32 inches in width; (3) a lack of handicap accessible parking and parking signage; (4) a van accessible aisle that is not a minimum 8 feet weight; and (5) a lack of wheelchair accessible paths of travel leading to the entrance of the facility. *Id.* at 5, ¶¶ 23-30. Plaintiff alleges that as a result of these difficulties, she was denied full and equal access to the premises. *Id.* at 5, ¶ 31.

### B. Procedural History

On August 24, 2020, Plaintiff filed her complaint against Defendant, alleging two claims for relief for violations of (1) the ADA and (2) UCRA. ECF No. 1.

On December 21, 2020, Plaintiff filed a First Amendment to Complaint Correcting Defendant Shell Name and Entity Status and Naming Doe 1.

## III. LEGAL STANDARD

Any part may amend its pleading "once as a matter of course within" either (1) "21 days after serving it" or (2) "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or . . . service of a motion under Rule 12(b), (e), or (f)." FED. R. CIV. P. 15(a)(1).

///

---

[1] Unless otherwise indicated, all page number references are to the ECF generated page number contained in the header of each ECF-filed document.

## IV. DISCUSSION

Plaintiff alleges that at the time of filing her complaint, she was ignorant of the true name and entity status of the defendants. ECF No. 4 at 1-2. She seeks to amend to substitute the true name for the fictitious name that appears in the complaint. *Id.* Plaintiff's filing is entitled "First Amendment to Complaint Correcting Defendant Shell Name and Entity Status and Naming Doe 1." ECF No. 4. This filing has no memorandum of points and authorities to it and does not attach an amended complaint. *See id.* It merely attaches two new summones.[2]  *Id.*  It is not clear to the Court whether Plaintiff's submission to the Court is a motion seeking leave to amend or a request for additional summonses to issue from the clerk. On this basis, as well as those outlined below, the Court grants in part the requested relief.

### A. Plaintiff May Amend as of Right Without the Leave of Court

To the extent Plaintiff's seeks leave from the Court to file a First Amended Complaint, such leave is not required by Rule 15 of the Federal Rules of Civil Procedure given the complaint is a pleading which requires a responsive pleading, but no defendants have been served yet, much less responded. Thus, Plaintiff may file a First Amended Complaint, with additional or new defendants, as is appropriate. However, as outlined below, this amended complaint should not include doe defendants.

### B. Plaintiff's Does are Dismissed

The Court notes that Plaintiff has named doe defendants in this case. The Federal Rules of Civil Procedure ("FRCP") neither authorize nor prohibit the use of fictitious parties; however, FRCP 10 does require a plaintiff to include the names of all parties in his

---

[2] The Court suspects the confusion lies in the fact that in the San Diego Superior Court, a plaintiff may amend a complaint to substitute in the name of a defendant previously sued as "doe defendant" by merely filing a Judicial Council Form entitled "Amendment to Complaint," which allows a plaintiff to amend "the complaint by inserting such true name in place of such fictitious name wherever it appears in the complaint," pursuant to section 474 of the California Code of Civil Procedure. No such counterpart exists in federal court. Rather, a plaintiff must amend the entire complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure.

-3-

3:20-cv-01647-BEN-LL

complaint. *See Keavney v. Cty. of San Diego*, No. 319CV01947AJBBGS, 2020 WL 4192286, at *4-5 (S.D. Cal. July 21, 2020) (Battaglia, J.) (citing FED. R. CIV. P. 10(a)). Plaintiff's complaint includes allegations against Does 1 through 10.  Naming doe defendants further implicates Rule 4 of the FRCP requiring service of the complaint. *Id.* (noting that "it is effectively impossible for the United States Marshal or deputy marshal to fulfill his or her duty to serve an unnamed defendant"); *Finefeuiaki v. Maui Cmty. Corr. Ctr. Staff & Affiliates*, 2018 WL 3580764, at *6 (D. Haw. July 25, 2018) (same).  "A plaintiff may refer to unknown defendants as Defendant John Doe 1, John Doe 2, John Doe 3, and so on, but he must allege specific facts showing how each particular doe defendant violated his rights." *Keavney*, 2020 WL 4192286 at *4-5.

Where a "[p]laintiff fails to link any particular . . . violation to any specific, individual . . . actor," or "even minimally explain how any of the unidentified parties he seeks to sue personally caused a violation of his . . . rights," the court must dismiss those individuals, especially when they have not been served. *See, e.g.*, FED. R. CIV. P. 4(m) (providing that "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time."); *see also* S.D. Cal. Civ. R. 41.1(a); *Keavney*, 2020 WL 4192286 at *4-5 (dismissing the plaintiff's first amended complaint).  Here, Defendant failed to serve the doe defendants by ninety (90) days after the filing of the complaint, or Monday, November 23, 2020.  Thus, all doe defendants are dismissed *without prejudice* for want of prosecution pursuant to Rule 4(m).  This dismissal is without prejudice to Plaintiff's ability to file a First Amended Complaint correcting or adding defendants as granted above.

## V. CONCLUSION

For the above reasons, the Court dismisses all doe defendants and notes that Plaintiff may file an amended complaint "as of matter of course.

**IT IS SO ORDERED.**

DATED:   January 11, 2021

**HON. ROGER T. BENITEZ**
United States District Judge